George Harrold WHITE, Appellant,

v.

Opal Faye WHITE, Appellee.

No. 8410.

Court of Civil Appeals of Texas, Amarillo.

Dec. 17, 1973.

Young & Green (Gordon H. Green), Muleshoe, for appellant.

Lockhart & Neal (Charles E. Neal), Amarillo, for appellee.

ROBINSON, Justice.

Appellant challenges an order increasing child support payments, asserting that there was insufficient evidence of a change of conditions; that there was insufficient inquiry into his financial circumstances; and that the trial court's entry of this judgment was an abuse of discretion. The judgment is affirmed.

Under the divorce decree of December 14, 1962, appellee was awarded custody of the couple's three children, ages 3 months, 6 years and 7 years. On March 9, 1973, appellee requested the trial court to modify its order of support payments, increasing the amount per child from $30.00 to $100.-00. On April 26, 1973, the trial court entered a judgment ordering appellant to pay $100.00 per month child support for each of the two children who were under eighteen at the date of the hearing.

The trial court made findings of fact in part as follows:

"6. That the sum of thirty dollars ($30) per month is no longer sufficient for the Petitioner to properly care for the two minor children.

"7. That the Respondent is employed, able-bodied, and able to pay the sum of one hundred dollars ($100) per month as child support for each of the two minor children remaining below the age of eighteen (18) years."

* * * * * *

"ADDITIONAL FINDINGS OF FACT

"1. Both Mr. and Mrs. White were unemployed at the time of the divorce in 1962. At present, Mr. White earns about $7500.00 per year as Police Chief at Muleshoe, Texas. Mrs. White has take home pay as a school teacher at Texline, Texas, of $506.00 per month which is not enough to properly support four persons. Mr. White did not appear in person, and no testimony was presented to the Court regarding his expenses.

"2. Mr. and Mrs. White have one child, Lee White, over eighteen years of age who is not under the support order, but who is still a high-school student and living with Mrs. White. This child missed almost a complete year of school because of rheumatic fever. Mr. White has contributed nothing to the support of this child since his eighteenth birthday when he was no longer under the Court order to pay $30.00 each month.

"3. In the summer of 1972, while visiting his father, the son, Lee White, was injured in an accident. Mr. White paid no medical bills resulting from this accident, and Mrs. White is still paying on a balance of $2100.00. She has a law suit pending against a person involved in this accident."

Appellee was the only witness and each of the findings of fact is supported by her testimony. She enumerated her monthly expenses. Her testimony shows that the cost of school lunches alone is $12.00 a month for each child and that she had been able to keep monthly grocery bills between $180.00 and $200.00 per month only by putting in a large garden and canning and freezing during the summer. She testified that they had always lived "very, very close," that they had "just barely had the necessities, and anything else, my parents seen to it that we had it. They have taken care of Harrold's children." She testified that because of the increase in cost of living they need more money.

Her testimony shows that at the time of the divorce and original child support order appellant was unemployed and had no income, but at the time of the hearing, appellant was employed as Chief of Police at

Muleshoe and he had told her that his income was approximately $7500.00 a year.

In determining the duty of the parent obligated to support his children after divorce, his duty corresponds to his financial ability with due regard for all his obligations, and he is not liable for support other than that suitable to his and their circumstances. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 100, 15 A.L.R. 564 (1921). Where the parent has a limited ability to pay, the trial judge may restrict the amount of child support payments. Later, if a change of condition be shown, it will be within his discretion to order an increase in the payments. Willis v. Willis, 425 S.W.2d 696 (Tex.Civ.App.—Houston [1st. Dist.] 1968, no writ).

The trial court can take judicial notice of the mounting cost of living in these inflationary times. Angel v. Todd, 368 S.W.2d 224 (Tex.Civ.App.—Houston 1963, no writ). Further, appellee testified that the cost of living had increased and her testimony clearly establishes the inadequacy of child support of $30.00 per month per child to provide for the present needs of boys now 10 and 17. The testimony shows that appellant's income has substantially increased. Appellant chose neither to rebut this testimony nor to offer evidence concerning the amount of any increase in his expenses.

Appellant's contentions that there was insufficient evidence of change of condition and insufficient inquiry into his financial condition are overruled.

In support of his contention that the trial court abused its discretion by increasing the monthly child support to $100.00 for each of the two minor children, appellant points out that appellee had not filed sworn itemized reports of how the money paid was spent as required by Art. 4639a, Sec. 1a, Vernon's Ann.Civ.St. The statute in question does not make the obligation to pay child support, or the right of the trial court to change the amount ordered, contingent upon the filing of such reports. In any event, in the case before us such a report could have been little help to the trial judge in determining present needs, since the evidence shows that each child's proportionate part of the monthly grocery bill exceeds the $30.00 support paid.

The trial court, having the parties before it, has discretion and latitude in setting the amount of child support. We are not authorized to change the findings of the trial court unless it has abused its discretion and may not change the amount found by the trial court merely because we might have set the amount at a little more or a little less. Brito v. Brito, 346 S.W.2d 133 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.). We find no abuse of discretion on the part of the trial court.

Appellee, relying on the holding in Lynde v. Lynde, 492 S.W.2d 641 (Tex. Civ.App.—San Antonio 1973, no writ), by reply point, asserts that the trial court properly increased child support even if it should be found that no change in condition had occurred. We do not reach this reply point. The trial court filed findings of fact and conclusions of law finding that there had been a change in the condition of the parties. The findings of fact are supported by the evidence and the conclusions of law are correct.

The judgment is affirmed.