Dan Lee SMALLWOOD, Appellant,

v.

Donna Ruth SMALLWOOD, Appellee.

No. 18508.

Court of Appeals of Texas,
Fort Worth.

Nov. 19, 1981.

Rehearing Denied Dec. 17, 1981.

Caston & Stone and T. Price Stone, Hurst, for appellant.

Gilbert D. Smith, Arlington, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

This appeal is from an order modifying the parties' divorce decree by increasing the monthly child support payable by appellant.

We affirm.

Appellant contends there was both no evidence and insufficient evidence of a material and substantial change of circumstances; and that the trial court abused its discretion by increasing the support.

Tex.Family Code Ann. § 14.08(c)(2) (Supp.1980–81), permits the trial court to modify the child support provisions of a divorce decree if:

"[T]he circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree; . . . ."

The parties were divorced February 1, 1978, at which time appellant was ordered to pay $300.00 monthly support for the parties' two children, then ages five and eleven.

On July 30, 1979, appellee filed a motion to increase the monthly payments to $1,000.00. Hearing was not until July 8, 1980.

On September 16, 1980, an order was signed increasing appellant's monthly payments to $550.00.

To sustain the motion for increased support, appellee had to present evidence of the circumstances of the children and/or parents as of the time of divorce and the time of the modification hearing. *Moreland v. Moreland*, 589 S.W.2d 828 (Tex.Civ.App.—Dallas 1979, writ dism'd).

Appellee testified that at the time of divorce she and the children lived in quarters costing $435.00 rent, plus $75.00 utilities, each month. She testified that due to increases in the cost of living, she was unable to continue paying that expense; and she and the children had moved to government subsidized housing in Euless, at a monthly rental of $214.00.

Appellee further testified as to the costs of school supplies and lunches and for day care for the children to enable her to work as a secretary in Dallas. She detailed the costs of clothing and medical expenses for the children and the cost of food for all of them.

Appellee also testified as to her monthly income and the expenditures for doctor bills, repairs to her four-year-old automobile, insurance and other items.

Appellant testified that he is a self-employed certified public accountant, licensed in 1972. According to his testimony, his 1977 gross income, before the divorce, was approximately $50,000.00. After divorce, he became a fifty percent partner with his brother in an accounting firm and other business ventures, producing a 1978 gross income of approximately $130,000.00 for the partnership. In 1979, the gross income increased to $148,390.00.

At the July 8, 1980, hearing appellant testified that he had not finished computing his 1979 income tax return, but expected to show that he netted only $18,017.00 from his half of the gross income of $148,390.00.

He further testified that in May, 1980, he and his brother had terminated their partnership, from which he had been drawing $500.00 per week in 1980. He detailed some of his current living expenses and testified that he and his present wife are parents of an infant son, making payments on a new $64,000.00 home and, a week before the hearing, paid $8,300.00 for a new automobile.

The trial court made the following findings of fact:

1. That circumstances have materially and substantially changed since the divorce was granted on February 1, 1978.

2. That the Respondent, DAN LEE SMALLWOOD, is earning substantially more money now than he was in February of 1978.

3. That living costs have materially and substantially increased from February of 1978 to present.

4. That there has been a material and substantial change in the circumstances in that the Movant, DONNA RUTH SMALLWOOD, is unable to support herself and the minor children of the marriage, CARLA M. SMALLWOOD and CAMERON L.

SMALLWOOD, on the present child support of three hundred dollars ($300.00) per month.

5. That the Movant, DONNA RUTH SMALLWOOD, has been forced to move herself and the two children the subject of this suit into government-subsidized housing as a result of the material and substantial increase in cost of living since the granting of the divorce in February of 1978.

6. That the Respondent, DAN LEE SMALLWOOD, is able to increase the amount of child support ordered to be paid by this court.

7. That attorney's fees in the reasonable and necessary sum of three hundred and seventy-five dollars ($375.00) should be awarded to the attorney for the Movant, DONNA RUTH SMALLWOOD.

■ Establishing the amount of child support is a matter for the trial court's discretion and, in the absence of a clear abuse, we may not disturb the ruling merely because we might have set a different amount. *Matter of Marriage of Miller*, 600 S.W.2d 386 (Tex.Civ.App.—Amarillo 1980, no writ); *White v. White*, 503 S.W.2d 401 (Tex.Civ.App.—Amarillo 1973, no writ).

■ The duty of a father to support his children after divorce corresponds to his financial ability and earnings potential. *Wetzel v. Wetzel*, 514 S.W.2d 283 (Tex.Civ. App.—San Antonio 1974, no writ); *Madden v. Madden*, 365 S.W.2d 427 (Tex.Civ.App.—Fort Worth 1963, no writ).

■ A trial court may require that after divorce the parents provide their children the same standard of living enjoyed before the divorce. *Hazelwood v. Jinkins*, 580 S.W.2d 33 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Appellant's contention that there was no evidence to support the trial court's finding that there has been a material and substantial change in circumstances has required us to consider only the evidence supporting that finding; and to disregard all contrary evidence. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400 (Tex.1981); *Butler v. Hanson*, 455 S.W.2d 942 (Tex.1970).

We have done so and find there was evidence to support the findings.

Appellant's point that the evidence was insufficient to support the findings of material and substantial change required that we consider all of the evidence adduced at the hearing.

We find there was sufficient evidence to support the trial court's findings.

*Inter alia*, the evidence showed substantial increase in the father's gross earnings, qualified by his explanations as to why his expenses impacted his net income. The testimony also showed the father's acquisition of a new home and automobile since the divorce, in contrast to a material and substantial downward change in the housing of the children.

■ The trial court also was entitled to take judicial notice of the mounting cost of living in inflationary times. *White, supra.*

■ When the trial judge is the trier of fact, it is his province and duty to consider all the facts and circumstances relating to the testimony of the witnesses and arrive at findings as to the facts controlling the case. This includes the right to accept or reject all or any part of the testimony. *Hood v. Texas Indemnity Ins. Co.*, 146 Tex. 522, 209 S.W.2d 345 (1948); *Electro-Hydraulics Corp. v. Special Equip. Eng. Inc.*, 411 S.W.2d 382 (Tex.Civ.App.—Waco 1967, writ ref'd n. r. e.).

■ The appellate courts lack the authority to pass upon the credibility of witnesses or the weight to be given their testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951).

■ We find no abuse of discretion by the trial court.

Appellant's three points of error are overruled, and judgment is affirmed.