**Frank N. IKARD, Jr., Appellant,**

v.

**Carol Foster IKARD, Appellee.**

No. 08–91–00072–CV.

Court of Appeals of Texas,
El Paso.

Nov. 13, 1991.

Mary E. Fullmer, Johnson & Gibbs, P.C., Austin, for appellant.

Frank N. Ikard, Jr., Johnson & Gibbs, pro se.

Ann Crawford McClure, El Paso and Larry H. Schwartz, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and FULLER, JJ.

## OPINION

KOEHLER, Judge.

In a suit affecting the parent-child relationship, the managing conservator of the two minor children of the parties filed a motion to modify seeking an increase in child support from the $900 per month set by the divorce decree. After the hearing

before a court master, the trial court acting on the master's recommendation, raised the support to $2,840 per month for the two children. We affirm.

Frank N. Ikard, Jr. (Frank) and Carol Foster Ikard (Carol) were divorced in 1979. There were three minor children of the marriage for the support of whom Frank was ordered to pay, in effect, $450 per month for each minor child. He was also ordered to pay all medical and dental expense of the minor children. The decree permitted a reduction of one-half of the child support for each child while attending a private school at Frank's request. A 1983 modification order continued the child support in the same amounts and under the same terms. Carol filed the present motion to modify in Travis County in May 1990, alleging that the circumstances of the children had materially and substantially changed since the entry of the 1983 modification order and requesting an increase in the support payments. The case was subsequently transferred to County Court at Law No. Four in El Paso County where Carol and the children are now living.

The case was tried in October 1990 by a family law master sitting for the court. At that time, the eldest child (Frank III) was twenty years old and although Frank was no longer required to pay child support for him under the order, he voluntarily continued to pay both the full tuition for Frank III's private boarding school and to Carol one-half of Frank III's child support ($225) from the date he reached eighteen to the time of trial. Thus, at the time of trial, Carol was receiving monthly child support of $900 for the two minor children plus an additional voluntary $225, a total of $1,125.

Following the trial which ended on October 9, 1990 and based on the master's recommendation of that date, the trial court, in an order dated November 13, 1990, modified the child support by increasing the monthly payment to $2,840 for the two minor children and $2,272 for one minor child. A first request for findings of fact under Tex.Fam.Code Ann. § 14.057 [1] was

---

**1.** All section citations in this opinion refer to sections of the Texas Family Code Annotated, either Vernon 1986 or Vernon Supp.1991.

filed by him on October 15, 1990. He then on November 20 filed a second request for findings of fact under Section 14.057 and on November 27 made a request for Findings of Fact and Conclusions of Law under Tex.R.Civ.P. 296. The master who had heard the case being unavailable, another master who had not heard the evidence, recommended and the court on December 6, 1990, signed both Findings of Fact and Conclusions of Law and Findings in Child Support Order.

Among other things, the court found that: (1) Frank has a current net disposable income and net resources of between $14,000 and $20,000 per month; (2) Carol has a net disposable income and net resources of between $1,300 and $1,400 per month; (3) "the court has presumptively applied the percentage guidelines in Tex. Fam.Code Ann. § 14.055(b) to the first $4,000 of the obligor's net resources"; (4) "[w]ithout further reference to the percentages recommended by the guidelines" and after having "carefully considered the evidentiary factors set forth in § 14.054, Texas Family Code," "additional amounts of child support are required, based upon the demonstrated needs of the children"; (5) "[t]here has been a material and substantial change of circumstances with regard to the children or a person affected by the order"; (6) $7,500 is a reasonable and necessary attorney's fee in the trial court; and (7) $3,500 is a reasonable and necessary attorney's fee in the event of an appeal to the Court of Appeals.

█ In his first point of error, Frank asserts that the court erred by applying the percentage guidelines of Section 14.055(b) to his monthly net resources over $4,000. In effect, Frank charges that the master, regardless of what the written findings say, arbitrarily and erroneously applied the guideline percentage for two children (25 percent) not just to the first $4,000 of his net resources but to his entire monthly net resources. Frank is an attorney with an Austin based firm. According to his testimony and other evidence, Frank in the first nine months of 1990 received a guaranteed monthly income of $16,230, which is equal to 70 percent of his projected annual salary divided by nine. He also received a 15 percent monthly distribution for seven of the nine months and at least one quarterly 15 percent distribution in April, all of which brought his average monthly gross income up to approximately $20,500 for those first nine months. Frank testified that due to a downturn in business, it was unlikely that he would get any further monthly or quarterly draws and might even have to take a cut in the guaranteed 70 percent if the firm's receivables did not improve.

It is Frank's position that the master took his monthly income based on 70 percent of his annual draw ($16,230) as a starting point. She next deducted withholding taxes figured at 28 percent of his gross (or $4,544 per month) and a monthly social security tax of $327, as shown by the charts for employed persons in Section 14.-053, to arrive at a monthly net income, and in his case, a monthly net resource figure of $11,360. She then applied to that amount the appropriate guideline percentages for two children (25 percent) and one child (20 percent) to determine that Frank should pay $2,840 and $2,272 in the respective situations. Frank has some support for this contention in a statement made by the master in her summation at the end of the case:

> I will agree with you on one thing at this point in time, I will look at your guaranteed monthly income and I think you probably—I suspect you will receive a lot more than that. But even looking at that and thinking what would be a reasonable amount for withholding and social security and applying the guidelines, your support obligation should be somewhere in the area of two thousand eight hundred and forty dollars a month for the two children.

And in looking at the other quarterly payments—because I am going to consider that you are providing Trey [Frank III] with four hundred dollars a month. So, I will set the support for the two children at two thousand eight hundred and forty dollars a month, and then it will reduce once your daughter is eighteen or she graduates from high school.

It will reduce for the younger child in the amount of two thousand two hundred and seventy-two dollars.

But for the record, I am taking into account that you are giving—that you have a son who is in college and that you are providing for his living expenses and that you are giving him four hundred dollars a month.

Under Section 14.055(c) of the Family Code, in circumstances where the obligor's monthly net resources exceed $4,000 per month, the court is required to apply the appropriate percentage to the first $4,000, and then "[w]ithout further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as proven, depending on the needs of the child at the time of the order." In arriving at an equitable amount of child support, Section 14.052(b) compels the court to be guided by the guidelines but it "may consider, in varying from or following the guidelines: (1) the needs of the child; (2) the ability of the parents to contribute to the support of the child; (3) any financial resources available for the support of the child; and (4) the amount of possession of and access to a child."

Other evidentiary factors which the court is required to consider when making a final child support determination that varies from the guidelines are set out in Section 14.054. Some of the relevant factors which were or may have been considered under the evidence in this case are the amount of Carol's net resources, the age and needs of the children, the expenses for Frank III for education beyond secondary school, the automobile, housing, and other benefits furnished to Carol by her parents, the cost of travel in order to exercise visitation, "and any other reason or reasons consistent with the best interest of the child, taking into consideration the circumstances of the parents."

A judge's comments made at the conclusion of a trial are not a substitute for findings of fact or conclusions of law. *In the Interest of W.E.R.*, 669 S.W.2d 716 (Tex.1984). The appellate court must look to the district court's findings and conclusions and to the judgment to determine the basis for the entry of the judgment. *Crapps v. Crapps*, 546 S.W.2d 909, 911 (Tex.Civ.App.—Austin 1977, no writ). "The court's comment is not a finding of fact and conclusion of law under Tex. R.Civ.P. 296, and, as a result, may not serve as a predicate for the assertion on appeal that the court disregarded Section 14.01(b) [Texas Family Code, prohibiting determination of a managing conservator based on sex]." *Crapps*, 546 S.W.2d at 911. In this case, findings of fact were requested and were made by the court. If the findings of fact are supported by the evidence, the fact that some of the master's comments on what Frank's support obligation should be, are or appear to be somewhat at variance with the findings is of no moment. The findings, if supported by the evidence, are controlling, not the judge's comments on or off the record. If it is clear that the court in determining additional child support has taken into consideration the needs of the children and some of the other relevant factors, the fact that the court did, or appears to have, applied the appropriate percentage to the obligor's entire net monthly resources rather than to just the first $4,000 is not impermissible. This Court stated as much in a recent, somewhat similar, child support case involving proper application of the guidelines where the obligor's monthly net resources exceeded $4,000. *Belcher v. Belcher*, 808 S.W.2d 202, 206 (Tex.App.—El Paso 1991, no writ).

The findings of the trial court if supported by the evidence, a question that will be discussed under Point of Error No. Six, are sufficient to meet the applicable requirements of Section 14.057.[2] Point of Error No. One is overruled.

**2. § 14.057. Findings in Child Support Order**
    Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which child support is contested and the amount of the order is set by the court, on written request made or filed with the court not later than 10 days after the date of the hearing or an oral request made in open court during

Under Point of Error No. Two, Frank contends that the court erred by not basing the additional child support on the "needs of the children," as required by Section 14.055(c) rather than a "mechanical application of the percentage guidelines." Frank here repeats the argument made (and already answered) under his first point of error that the master's comments established that she did not consider the needs of the children in making her recommendation. Under the guidelines of Section 14.055, Frank would be obligated to pay 25 percent of the first $4,000, or $1,000, as support for two minor children, plus any additional amounts as proven, depending on the needs of the children at the time of the order. *Matter of the Marriage of Edwards*, 804 S.W.2d 653, 655 (Tex. App.—Amarillo 1991, no writ); Section 14.-055(c). He then contends that there is either no evidence or insufficient evidence to show that these needs are not being met.

When presented with a "no evidence" challenge, the appellate court should consider only the evidence and reasonable inferences drawn therefrom which, when viewed in their most favorable light, support the court finding. All evidence and inferences to the contrary are to be disregarded. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Company of America*, 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the questioned finding, the no evidence point fails. *Stafford*, 726 S.W.2d at 16.

When a factual sufficiency challenge is brought, the court must first examine all of the evidence, *Lofton v. Texas Brine Corporation*, 720 S.W.2d 804, 805 (Tex.1986); and after considering and weighing all of the evidence, the court may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Since an appellate court is not a fact finder, it may not pass upon the credibility of the witnesses or substitute its judgment for that of the trier of fact, even if the evidence would support a different result. *Clancy v. Zale Corporation*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

The evidence presented by Carol showed that the monthly expenses for her and the children at that time came to $6,656, and of that amount, $3,558 was attributable to the children. The total did not include any amounts for rental or ownership of a house and automobile, Carol's parents having given her a four bedroom home and a 1988 Cadillac, but did include amounts for maintenance, repair and taxes on those items. Frank did not seriously challenge or quarrel with any of the items included in the total expense except for $267 per month being paid for the tuition of their sixteen year old daughter, Jean, who was attending a private school in El Paso. Carol at the time of the hearing had a master's degree and was employed as an instructor at the University of Texas at El Paso and at El Paso Community College, with gross earnings of $1,600 per month in 1990. She grossed $35,184 in 1989, which amounted to $2,932 per month. Based even on her 1989 monthly gross, less withholding and social security taxes, and the child support of $1,125 she was then receiving, it was obvious that her monthly expenses exceeded her resources from income and child support. The evidence showed that this deficit was made up largely by gifts of money, clothing and other things bestowed by Carol's parents on her and the children. Frank contends that such gifts should be considered as part of Carol's

the hearing, the court shall state the following in the child support order:
"(1) the amount of net resources available to the obligor per month is $___;
"(2) the amount of net resources available to the obligee per month is $___;
"(3) the amount of child support payments per month that is computed if Section 14.055, Family Code, is applied is $___;
"(4) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is ___%; and, if applicable,
"(5) the specific reasons that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guidelines pursuant to Section 14.055, Family Code, are: ___."

resources under Section 14.052(b)(3). We disagree. While such gifts may constitute "child support" in the broadest sense of that term, they are not to be considered a "resources" of the recipient unless the donor has a legal obligation to give them. As provided in Section 14.053(b), "any other child support received *from any source* shall be disregarded in calculating net resources." [Emphasis added]. He also justifiably argues that he has contributed substantial amounts of support above and beyond that required by the court order in the form of vacations, clothing, specialized schooling for Frank III and a 1989 Mazda RX7 convertible automobile for Jean, costing some $26,000, and the maintenance, insurance and gasoline for it, but here again these are not within the meaning of "resources" under Section 14.052(b)(3) or as a factor justifying an increase in child support under Section 14.056(b).

The monthly expense statement supported by Carol's testimony is not only more than a scintilla of evidence in support of the court's finding that additional support is required to meet the demonstrated needs of the children, but after having considered all of the evidence, we conclude that such finding is not contrary to the overwhelming weight of the evidence. Point of Error No. Two is overruled.

In his third point of error, Frank asserts that the court erred in failing to consider the evidentiary factors set forth in Section 14.054. That section requires the court to consider all relevant factors, including particularly subsection (8): "whether the ... obligee has an automobile, housing, or other benefits furnished by ... another person ...;" subsection (12): "the cost of travel in order to exercise access to or possession of a child;" subsection (2): "the age and needs of the child;" and subsection (10): "provision for health care insurance and payment of uninsured medical expenses[.]" There is evidence in the record touching on each of these factors. In its findings, the court stated that it had "carefully considered the evidentiary factors set forth in § 14.054, Texas Family Code, in making this determination."

The argument here again is dependent upon Frank's misplaced reliance on the master's comments in the concluding moments of the hearing rather than upon the court's findings and conclusionary statement that it had considered the factors required by Section 14.054. While it would be better practice for the court to state specifically which relevant factors it had considered in making the determination, Frank does not claim error in its failure to do so, only that it did not consider certain factors. Even if the court had specified the factors it had taken into consideration, we know of no way to determine what weight the court put on a particular factor or whether the court actually considered it at all. Point of Error No. Three is overruled.

In Point of Error No. Four, Frank contends that the trial court failed to consider other relevant factors as suggested by Section 14.056(b): "In addition to the factors listed in these guidelines, a court may consider other relevant factors. ... The history of support voluntarily provided in excess of the court order does not constitute cause to increase the amount of an existing child support order." Specifically, Frank complains that the court failed to consider the evidence and give him credit for the three month per year periods he had possession of the children, his 1989 bankruptcy in which he was left with no assets, a deficiency assessment levied by the Internal Revenue Service against him as a result of an audit, his voluntary contributions to the children of support and material "luxuries" in excess of the court ordered support and his desire to continue such voluntary payments.

The difference between Section 14.056(b) and Section 14.054 may be somewhat illusory since the latter requires the court to consider all relevant factors while the former uses the discretionary language "may consider." The court in its findings recited that it had considered the evidentiary factors set forth in Section 14.054, which would of necessity include the factor, previously mentioned, of any other reason consistent with the best interest of the children, taking into consideration the circum-

stances of the parents. The evidence was before the court and as previously stated, there is no way to determine what weight the fact finder put on each of the factors which were to be considered by it. Point of Error No. Four is overruled.

Under Point of Error No. Five, Frank asserts that the court failed to consider Carol's duty to support the children as well as her net resources to do so. Under Section 14.052(b), the court in its determination of child support may consider the needs of the children and the ability of the parents to contribute to their support. In Carol's exhibit of monthly expenses for the children, she has included $266.67 as tuition for Jean to attend private school and $648.14 as the children's share of the monthly payment on the indebtedness she was forced to incur. The evidence showed that Carol had paid off the indebtedness by selling some assets of a trust set up by her parents for her benefit and that the tuition, the children's clothing and some other items listed as expenses were being paid by Carol's parents. It is Frank's contention that if the amounts for service of the indebtedness and the tuition were subtracted, the monthly expenses attributed to the children would be $2,643, an amount less than the $2,840 monthly support he was ordered to pay. Although the amount shown for monthly service on her debt is properly deducted, the same cannot be said with regard to the other expense items which at the time were being paid by Carol's parents, assuming such expenditures were necessary to meet the needs of the children in the context of the lifestyle of the children and their parents. Moreover, Carol testified that she wanted her children to do many things, such as to pursue their hobbies, to take part in more school activities and to live "as children of a successful lawyer."

■ Both parents have a duty to support their children. *In the Matter of the Marriage of Miller*, 600 S.W.2d 386, 389 (Tex.Civ.App.—Amarillo 1980, no writ). The child support award should reflect the respective abilities of the parents to contribute; the duty to support is not limited to bare necessities. *Cunningham v. Cunningham*, 515 S.W.2d 345, 346 (Tex.Civ. App.—Corpus Christi 1974, no writ); Section 14.052(b)(2). The relative values of the nonmonetary services rendered to the children as well as the relative capabilities of the parents should also be considered. *Sohocki v. Sohocki*, 730 S.W.2d 30, 32 (Tex. App.—Corpus Christi 1987, no writ). It is within the court's prerogative to require the parents to provide a standard of living and lifestyle for their children commensurate with that which they have and will continue to enjoy for themselves. *Anderson v. Anderson*, 770 S.W.2d 92, 96 (Tex.App.—Dallas 1989, no writ); *Sohocki*, 730 S.W.2d at 32.

■ Frank argues that "the Trial Court failed to include the capitalized value of the assets owned by [Carol]," which he claims should have been factored into her net monthly resources, pursuant to Section 14.-053(e). Here, he refers specifically to the house given to her by her parents and the trust fund set up for her benefit by her parents. Section 14.053(e) authorizes the court to "consider any additional factors that increase or decrease the ability of the obligor to make child support payments[.]" and thus, has no application to either the house or the trust. Furthermore, the monthly expenses of the children are reduced considerably since the gift of the house to Carol obviates house or rental payments. With reference to the trust to which Frank contends the court should have assigned "an amount of 'income'" in determining Carol's net resources, he failed to develop the amount of the trust estate and its terms and conditions. Without that information, it would be impossible for a court to assign an income value even if it was otherwise proper. Here again, Frank is attempting to claim credit against his child support obligation for the generosity of Carol's parents. The fifth point of error is overruled.

In his Point of Error No. Six, Frank multifariously complains that the court erred by issuing a child support order that violates Section 14.057 and which is unsupported by legally or factually sufficient evi-

dence. Here, Frank claims in effect that the court erred by not including the findings required by Section 14.057 in its child support order. The record shows that he made a timely first request for findings within ten days after the hearing and prior to the issuance of the support order on November 13, as required by Section 14.057. He asserts that the findings did not meet the requirements since they were not made by the master who heard the evidence but were recommended by another master and signed by a judge, neither of whom heard the evidence. It is unclear who prepared the findings but once they were signed by the judge, they became the findings of that judge.

■■■ A successor judge has the authority to file findings of fact and conclusions of law in a trial heard by his predecessor. *Lykes Bros. Steamship Co., Inc. v. Benben,* 601 S.W.2d 418, 420 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Horizon Properties Corporation v. Martinez,* 513 S.W.2d 264, 266 (Tex.Civ. App.—El Paso 1974, writ ref'd, n.r.e.). While Tex.R.Civ.P. 297 requires a judge to "file its findings ... and conclusions ..." and Section 14.057 requires the judge to state certain findings in the support order, neither require the judge to prepare such findings without the assistance of the successful party. As a practical matter, most findings, as well as most judgments and orders, are prepared by counsel for the successful party, rarely by the judge who heard the evidence. However, as previously stated, when the findings or judgments are signed by the appropriate judge, they become those of that judge regardless of who prepared or recommended them.

■■■ Although this point of error also complains generally of legally and factually insufficient evidence to support the child support order, the point in reality attacks only the finding of the court that the amount of monthly net resources available to Frank is between $14,000 and $20,000. It is Frank's first contention that it was error for the court to find a range of net resources rather than a specific sum as contemplated by Section 14.057 and second,

that there is no evidence to support the finding that Frank's "guaranteed net income is 'between $14,000 and $20,000' per month." While we agree with Frank that in the normal wage earner's or salaried person's case, it would be preferable that the court find specific sums for the net resources of the two parties, where a person's income and net resources vary a great deal from month to month, it may only be possible to state a range of net resources. We conclude that in those situations a statement of the range of net resources is not prohibited by Section 14.057 if the range is supported by the evidence.

■■■ Exhibits in the record based on Frank's federal income tax returns for 1987, 1988 and 1989, also in the record, show a range of monthly net resources from $17,700 to $20,125. Frank himself testified that his projection for his 1990 net after tax income is $175,000, which if divided by twelve equals approximately $14,580 per month. We conclude that such evidence is legally sufficient to support the range found by the court. Point of Error No. Six is overruled.

In his seventh and final point of error, Frank claims the court erred by awarding Carol 100 percent of her attorney's fees in the trial court in the amount of $7,500. Although he does not challenge the authority of the court to award attorney's fees, he suggests that the amount should have been reduced first because her counsel engaged in obstructive discovery tactics and second, because Carol's attorney only testified that his "actual legal fees amounted to approximately $5,250, based upon the time he had spent on [the case]." The record shows that the attorney in question testified that his hourly rate was $175, that he had expended thirty-two hours in the case through the hearing and expected to take two more hours to prepare and enter the order. After testifying to his experience and qualifications, including board certification in family law, he then stated:

I believe that a reasonable fee in El Paso County, Texas, for the representation of Mrs. Ikard, for the preparation

and trial of this case, would be seventy-five hundred dollars.

Previous to this, Frank had stipulated on the reasonableness of the attorney's fees. The trial court may in its discretion award reasonable attorney's fees in a proceeding to increase child support. *Anderson*, 770 S.W.2d at 97. There was sufficient evidence presented to support the reasonableness of the attorney's fees awarded in this case. Point of Error No. Seven is overruled.

The order of the trial court increasing child support and awarding attorney's fees is in all respects affirmed.