George **RODRIGUEZ**, Appellant,

v.

Rita **RODRIGUEZ**, Appellee.

No. 04–91–00295–CV.

Court of Appeals of Texas,
San Antonio.

May 6, 1992.

Rehearing Denied July 8, 1992.

Sam C. Bashara, Law Offices of Sam C. Bashara, P.C., San Antonio, for appellant.

Kate Guinn Gonzalez, San Antonio, for appellee.

Before REEVES, C.J., and PEEPLES and GARCIA, JJ.

## OPINION

PEEPLES, Justice.

In this divorce case we must decide what limits the family code places on a trial court's discretion to set additional child support when the obligor's net monthly resources exceed $4000. The family code contemplates support based on a percentage of the obligor's net resources, but allows additional support when the net resources exceed $4000. We hold that the order before us, which sets child support at $2500 per month, does not rest on the child's needs or any other proper basis. We therefore reverse and remand.

George and Rita Rodriguez agreed to be joint managing conservators of their six-year-old son, with Rita having primary custody. The trial court approved the agreement and then heard evidence about the marital property and child support. The

court found that George's net monthly resources were $8900, that Rita was unemployed, and that child support of $2500 per month would be "an equitable amount of support, based on the needs of the child at the time of the order, and the net resources of the parents." The court made no other findings of fact. The evidence, considered favorably to the trial court's order and without regard to contrary evidence and inferences, shows the child's maximum monthly financial needs to be $1742.17 (the total on Rita's exhibit summarizing the child's expenses). The sole issue in this appeal is whether the family code permits the $2500 child support award on this record.

The family code's child support guidelines clearly authorized the court to set support at 20 percent of the first $4000 of George's net resources, or $800 per month. *See* TEX.FAM.CODE § 14.055(b). But the guidelines are not mandatory. Three sections of the code allow the court to deviate from them, but each section specifies different factors to consider when varying from the recommended percentage.

Two sections of the family code permit courts to vary from the guidelines without dealing specifically with *additional* support in cases of net resources greater than $4000. Section 14.052 tells trial courts to consider *four* factors when varying from the guidelines:

§ 14.052. **Guidelines for the Support of a Child**

. . . . .

(b) Factors. In determining the amount of child support, the court shall be guided by the guidelines and may consider, in varying from or following the guidelines:

(1) the needs of the child;

(2) the ability of the parents to contribute to the support of the child;

(3) any financial resources available for the support of the child; and

(4) the amount of possession of and access to a child.

TEX.FAM.CODE § 14.052 (Vernon Supp.1992).

In addition, § 14.054 authorizes support "within or outside" the guidelines based on *fifteen* factors, many of them overlapping:

§ 14.054. **Evidentiary Factors**

In applying the guidelines for the support of a child in this chapter, the court shall be guided by the guidelines for the support of a child in this chapter. However, the court may, in rendering its final determination of the amount of support, set the amount of child support either within or outside the range recommended in Section 14.055 of this code if relevant factors other than the guidelines justify a variance from the guidelines. In making its final determination, the court shall consider all relevant factors, including but not limited to:

(1) the amount of the obligee's net resources, including the earning potential of the obligee if the actual income of the obligee is significantly less than what the obligee could earn because the obligee is intentionally unemployed or underemployed and including, as provided by Section 14.053(e) of this code, any increase or decrease in the income of the obligee or income that may be attributed to the property and assets of the obligee;

(2) the age and needs of the child;

(3) child care expenses incurred by either party in order to maintain gainful employment;

(4) whether either party has the managing conservatorship or actual physical custody of another child;

(5) the amount of child support actually and currently being paid or received by either party under another child support order;

(6) the amount of alimony or spousal maintenance actually and currently being paid or received by a party;

(7) the expenses for a son or daughter for education beyond secondary school;

(8) whether the obligor or obligee has an automobile, housing, or other benefits furnished by his or her employer, another person, or a business entity;

(9) the amount of other deductions from the wage or salary income and

from other compensation for personal services of the parties;

(10) provision for health care insurance and payment of uninsured medical expenses;

(11) special or extraordinary educational, health care, or other expenses of the parties or of the child;

(12) the cost of travel in order to exercise access to or possession of a child;

(13) positive or negative cash flow from any real and personal property and assets, including a business and investments;

(14) debts or debt service assumed by either party; and

(15) any other reason or reasons consistent with the best interest of the child, taking into consideration the circumstances of the parents.

TEX.FAM.CODE § 14.055 (Vernon Supp.1992).

A third provision, § 14.055, applies specifically when the obligor's net monthly resources exceed $4000, as they do in this case. It authorizes additional support based on *one* factor, the child's needs:

### § 14.055. Guidelines: Amount Ordered

. . . . .

(c) More Than $4000 Monthly Net Resources. In situations in which the obligor's net resources exceed $4,000 per month, the court shall presumptively apply the percentage guidelines in Subsection (b) of this section [20 percent for one child] to the first $4,000 of the obligor's net resources. Without further reference to the percentage recommended by these guidelines, *the court may order additional amounts of child support as proven, depending on the needs of the child at the time of the order.*

TEX.FAM.CODE § 14.055 (Vernon Supp.1992) (emphasis added).

Clearly the three provisions set different standards for variance from the guidelines. Sections 14.052 and 14.054 mention factors other than needs, including income. Section 14.055 requires proof of the child's needs. Rita relies on the first two sections.

■ In our view, § 14.055 governs this case because it deals specifically with *additional* support in above-$4000 cases; the other sections deal with deviation from the guidelines generally in all cases, not only in high-resource cases. Our duty is to reconcile the three sections and give effect to each, but if they cannot be reconciled, the specific statute prevails over the general ones. *See* TEX.GOV'T CODE § 311.026 (Vernon 1988); *Sam Bassett Lumber Co. v. City of Houston,* 145 Tex. 492, 198 S.W.2d 879, 881 (1947); *Townsend v. Terrell,* 118 Tex. 463, 16 S.W.2d 1063, 1064 (1929); *Ayre v. Brown & Root, Inc.,* 678 S.W.2d 564, 566 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). We harmonize the three provisions and also give effect to the more specific statute by holding that under § 14.055, when net resources exceed $4000, awards of additional support must rest on evidence of the child's needs. In cases of resources below $4000, the court may vary from the guidelines when there is proof of other evidentiary factors mentioned in §§ 14.052 and 14.054, which include the child's needs and other factors.

■ Certainly the trial court could not properly have reached the $2500 figure by beginning with the percentage amount ($800) and then adding the full value of the child's needs ($1742). That would amount to a double award of $800 because the base statutory percentage includes the child's needs already. In cases of net resources above $4000, the legislature did not authorize courts to award the statutory percentage and then tack on garden-variety expenses, which are already covered by the percentage. It authorized courts to award *additional* child support above the statutory percentage amount to the extent required by the child's needs. The evidence before us supports additional support of no more than $942.

■ An award of child support above the guidelines without regard to needs and solely because the obligor has great income would amount to de facto alimony. Texas has forbidden court-ordered alimony since 1841. *See Eichelberger v. Eichelberger,* 582 S.W.2d 395, 402 (Tex.1979); *Francis v.*

*Francis,* 412 S.W.2d 29, 32 (Tex.1967). Whether that is wise public policy is not the issue here. The legislature did not change longstanding Texas law and allow alimony simply by mentioning the obligor's income as a factor in §§ 14.052 and 14.054. Child support and spousal support are two different things. It is implicit in the *child* support guidelines that support is paid *for the child* and not *for the custodial parent* without regard to the child's needs. And under § 14.055(c) additional *child* support must be justified by the child's needs.

■ Pre-guideline cases had allowed trial courts to consider a family's previous lifestyle or standard of living along with many other factors when setting child support. *See, e.g., Sohocki v. Sohocki,* 730 S.W.2d 30, 32 (Tex.App.—Corpus Christi 1987, no writ); *Smallwood v. Smallwood,* 625 S.W.2d 75, 77 (Tex.App.—Fort Worth 1981, no writ); *Cooper v. Cooper,* 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The 1987 guidelines continued that rule; in cases of net resources greater than $4000, they expressly authorized trial courts to consider lifestyle, together with income and needs, when deciding whether to order additional support.[1]

But the legislature deleted the lifestyle language from the guidelines in 1989. The present § 14.055 does not mention lifestyle or income of the parties; it mentions only the needs of the child. When the legislature amends a statute and omits a word—especially such an important word—we must presume that it did so for a reason. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981) (reviewing court must presume that every word excluded when statute is revised was excluded for a purpose).

We have found one post-guideline case involving net resources above $4000. *See*

*Ikard v. Ikard,* 819 S.W.2d 644 (Tex.App.— El Paso 1991, no writ). There the court affirmed a child support order of $2840 per month for two children, to decrease to $2272 when the first child reached majority or was emancipated. The master's written findings stated that she applied the guidelines to the first $4000 and ordered additional support "based upon the demonstrated needs of the children." *Id.* at 646. In contrast to the written findings, the master's previous statements from the bench indicated that she applied the guideline percentages to the obligor's net resources above $4000. The appellate court apparently thought, as we do, that it would be improper to apply the percentage to net resources beyond the first $4000, but it affirmed the order because a trial court's oral statements from the bench cannot undermine or negate its written findings. *See id.* at 647; *In the Interest of W.E.R.,* 669 S.W.2d 716 (Tex.1984). The *Ikard* court then concluded that a monthly expense statement and other evidence of the children's needs supported the written findings and the additional support ordered. 819 S.W.2d at 648–50. That evidence of the child's needs distinguishes our case from *Ikard.*

■ We disagree with the *Ikard* court's reliance on lifestyle cases that arose before the effective date of the 1989 guidelines, which eliminated lifestyle as a factor for the court to consider. In post–1989 cases it is no longer enough to state simply that the duty to support is not limited to the bare necessities, or that children are entitled to live in the lifestyle to which they have become accustomed. The guidelines require that support above the statutory percentage applied to the first $4000 must rest on evidence of needs. We recognize that the evidence in different cases will often

---

1. The 1987 guidelines provided:

   In situations in which the obligor's net resources exceed $4,000 per month, the court should apply the percentage guidelines contained in Rule 5 to the first $4,000 of the obligor's net resources, and, without further reference to the percentage recommended by these guidelines, may order additional amounts of child support as are appropriate,

   depending on the *lifestyle of the family,* the income of the parties, and the needs of the child.

   Tex.Fam.Code § 14.05 (1988) (emphasis added). One early case applying the 1987 guidelines cited lifestyle in upholding support of $2000 per month when net monthly resources were $10,-000. *See Anderson v. Anderson,* 770 S.W.2d 92, 96 (Tex.App.—Dallas 1989, no writ).

reflect different lifestyles and standards of living. But litigants must present evidence of the child's needs.

We stress that the extent to which a court may order additional support when net resources exceed $4000 is a fact-specific decision in which the trial court has considerable discretion. Nevertheless, awards of additional support must be supported by legally sufficient evidence—evidence that is relevant under the substantive law. *See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.,* 823 S.W.2d 591, 592–93 n. 1 (Tex.1992). Evidence is legally insufficient if "the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact." *Cecil v. Smith,* 804 S.W.2d 509, 510 n. 2 (Tex.1991). In cases of net resources above $4000, the family code bars courts from awarding additional support on any basis other than the child's needs. The evidence before us does not support the $2500 order.

The order of support is reversed and that portion of the cause is remanded for further proceedings consistent with this opinion.

GARCIA, Justice, dissenting.

I respectfully dissent. I would overrule each point of error and affirm the judgment.

The parties were married in November 1983. At the time of their marriage, both were employed by the United States Postal Service in Houston, Texas, where appellee was earning between $25,000 and $30,000 annually. Shortly after their marriage, appellant began training to become a chiropractor. During the last one and one-half years of appellant's training, *only* appellee was employed, allowing appellant to complete his degree program on a full-time basis. After obtaining his degree, appellant wanted to transfer to the San Antonio area to begin his practice. Thus, appellee had to seek a transfer from the postal service in Houston to San Antonio. After her transfer to San Antonio, she began to experience emotional and stress-related problems, caused primarily by her work

and her relationship with her husband. She began to have serious doubts about her self-worth, which ultimately led to her being admitted to a hospital for depression for about four weeks. On December 31, 1989, she quit her position with the postal service, which displeased appellant. Two months later, appellant advised appellee that their marriage was over. At this time, appellee decided to move to Wichita Falls to be with her family and to learn new skills to improve her ability to find a job to support herself and her son. At that time she was seeking professional mental health counseling. The child also experienced a number of problems. He began biting his nails, could not sleep through the night, would wet his bed and pants, and, ultimately, had to repeat kindergarten. The son required professional mental health assistance. The record discloses the uncontroverted fact that at the time of the final hearing, appellee was unemployed, while appellant had $8900 in monthly net resources.

In assessing child support, the best interest of the child is the primary consideration in questions of support. TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1986). In determining the amount of child support, the court shall consider the child support guidelines in effect, and an order of support conforming to those guidelines is presumed to be in the best interest of the child. The presumption of best interest under § 14.-07(a) is rebuttable. TEX.FAM.CODE ANN. §§ 14.05(a) and (j) (Vernon Supp.1991); *see also* TEX.FAM.CODE ANN. §§ 14.05–14.058 (Vernon 1986 and Vernon Supp.1992). Section 14.052(b) of the Family Code provides:

(b) Factors. *In determining the amount of child support, the court shall be guided by the guidelines and may consider,* in varying from or following the guidelines:

(1) *the needs of the child;*

(2) *the ability of the parents to contribute to the support of the child;*

(3) *any financial resources available for the support of the child;* and

(4) the amount of possession of and access to a child.

(Emphasis added.) Section 14.054 provides:

In applying the guidelines for the support of a child in this chapter, the court shall be guided by the guidelines for the support of a child in this chapter. However, the court may, in rendering its final determination of the amount of support, set the amount of child support either within or outside the range recommended in Section 14.055 of this code if relevant factors other than the guidelines justify a variance from the guidelines. *In making its final determination, the court shall consider all relevant factors, including, but not limited to:*

(1) the amount of the obligee's net resources, including the earning potential of the obligee if the actual income of obligee is significantly less than what the obligee could earn because the obligee is intentionally unemployed or underemployed and including, as provided by Section 14.053(e) of this code, any increase or decrease in the income of the obligee or income that may be attributed to the property and assets of the obligee;

(2) the age and needs of the child;

(3) child care expenses incurred by either party in order to maintain gainful employment; [and]

.    .    .    .    .

(11) special or extraordinary educational, health care, or other expenses of the parties or of the child;

.    .    .    .    .

(15) *any other reason or reasons consistent with the best interest of the child, taking into consideration the circumstances of the parents.*

(Emphasis added.) Section 14.055(a), (b), and (c) provides:

(a) Rebuttable Presumption. The guidelines for the support of a child in this chapter are specifically designed to apply to situations in which the obligor's monthly net resources are $4000 or less. In any suit affecting the parent-child relationship, *there is a rebuttable presumption that an order containing the amount of periodic child support payments established by the schedule provided in this section is reasonable and that the order is in the best interest of the child.* A court may determine that the application of the guidelines would be unjust or inappropriate under the circumstances.

(b) Schedule: $4000 or less Monthly Net Resources. *In rendering an order of child support under circumstances in which the obligor's monthly net resources are $4,000 or less, the court shall presumptively apply the following schedule:*

CHILD SUPPORT GUIDELINES BASED ON THE MONTHLY NET RESOURCES OF THE OBLIGOR

*1 child    20% of Obligor's Net Resources*

.    .    .    .    .

(c) More Than $4000 Monthly Net Resources. In situations in which the obligor's net resources exceed $4,000 per month, *the court shall presumptively apply the percentage guidelines in Subsection (b) of this section to the first $4,000 of the obligor's net resources. Without further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as proven, depending on the needs of the child at the time of the order.*

(Emphasis added.) Section 14.057 provides:

*Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which child support is contested and the amount of the order is set by the court, on written request made or filed with the court not later than 10 days after the date of the hearing or an oral request made in open court during the hearing, the court shall state the following in the child support order:*

"(1) the amount of net resources available to the obligor per month is $_____;

"(2) the amount of net resources available to the obligee per month is $_____;

"(3) the amount of child support payments per month that is computed if Section 14.055, Family Code, is applied is $____;

"(4) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is ____%; and, if applicable,

*"(5) the specific reasons that the amount of support per month offered by the court varies from the amount computed by applying the percentage guidelines pursuant to Section 14.055,* Family Code, are: ____."

(Emphasis added.)

Appellant contends that there existed no evidence, or insufficient evidence, to sustain the trial court's child support order of $2500 per month and that the trial court abused discretion in reaching this amount.

When presented with a 'no evidence' challenge, the appellate court should only consider only the evidence and reasonable inferences drawn therefrom which, when viewed in their most favorable light, support the court's finding. All evidence and inferences to the contrary are to be disregarded. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Company of America,* 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the questioned finding, the no evidence point fails. *Stafford,* 726 S.W.2d at 16.

When a factual insufficiency challenge is brought, the court must first examine all of the evidence, *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex. 1986); and considering and weighing all the evidence, the court may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). *Belcher v. Belcher,* 808 S.W.2d 202, 206–07 (Tex.App.—El Paso 1991, no writ). A child support order will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). The test for abuse of discretion is whether

the trial court acted without reference to any guiding rules or principles, or in other words, the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). And, "[i]f reasonable minds could differ as to the result, the decision would not be unreasonable or arbitrary and therefore not an abuse of discretion." *Escue v. Reed,* 790 S.W.2d 717, 720 (Tex.App.—El Paso 1990, no writ).

Appellant contends that the guiding rules and principles are contained in section 14.055 of the Family Code. I agree, however, this is not an exclusive guiding rule or principle. The legislature enacted section 14.052 which provides that *the court shall* be guided by the guidelines and may consider: the needs of the child, the ability of the parents to contribute to the support of the child. The legislature enacted section 14.054 of the Family Code which provides that in making its final determination, *the court shall* consider all relevant factors, including but not limited to: whether the obligee, herein the appellee, is intentionally unemployed, the age and needs of the child, special or extraordinary educational, health care, or other expenses of the parties or child, and *"any other reason or reasons consistent with the best interest of the child, taking into consideration the circumstances of the parents."* (Emphasis added.) Together these provisions form the guiding rules and principles in assessing a child support order. When the obligor's monthly net resources are $4000 or less per month, there is a rebuttable presumption that the child support by the schedule percentage in Section 14.055(b) is both reasonable and in the best interest of the child. Therefore, in our case, appellant's first $4000 of monthly income under these provisions for one child would yield a child support order of $800 per month, which the record discloses. When the obligor's monthly net resources exceed $4000, section 14.055(c) requires the court to apply the same percentage set forth in the guidelines to the first $4000, the presumption being applicable to that amount, and then "[w]ithout further refer-

ence to the *percentage* recommended by the[se] guidelines, the court may order additional amounts of child support as proven, depending on the needs of the child at the time of the order." *See Belcher*, 808 S.W.2d at 205 (emphasis added). I specifically note that section 14.055(c) states "[w]ithout further reference to the *percentage* recommended." (Emphasis added.) It does not prohibit the trial court from utilizing *any of the other guidelines*, section 14.052 or the evidentiary factors listed in section 14.054. It is clear that the legislature did not intend for the trial courts to merely apply a simple mathematical percentage formula in cases where the obligor's monthly resources exceeded $4000. Section 14.055(c) permits the trial court "to order additional amounts of child support as proven, depending on the needs of the child at the time of the order." Appellant contends that additional child support in excess of $800, as calculated by sections 14.055(a) and (b), must be proven, depending on the child's needs at the time of the of the order. Appellant contends that the current child support guidelines differ from an earlier set of guidelines which allowed the trial courts to consider "lifestyle of the family" and "the income of the family" in assessing a child support order. The legislature provided for these factors to be considered when sections 14.-052, 14.054, and 14.055 are read together. Appellant contends, and the majority mistakenly agrees, that child support in cases where the obligor's net resource income exceeds $4000 a month is determined only by the "needs of the child" at the time of the order. The majority disallows the trial judge to consider the other applicable guidelines. Appellant's conclusion that the trial court's order of $2500 per month was an attempt to order alimony is unfounded. And, appellant has waived any complaint regarding its order by failing to request proper findings pursuant to Section 14.057 of the Texas Family Code. Therefore, we must uphold the trial court's order on any basis consistent in law regarding child support matters. First, the duty to support is not limited to bare necessities. *Sohocki v. Sohocki*, 730 S.W.2d 30, 31 (Tex.App.—

Corpus Christi 1987, no writ). Second, in regard to the alimony allegation, the *Sohocki* court stated,

> While it is true that a person is not obligated to contribute to the support of a divorced spouse, an award of child support will not be set aside if the evidence justifies that the amount is reasonable to *maintain the children in a lifestyle consistent with that of the parent or parents and is in the children's best interest.*

*Sohocki*, 730 S.W.2d at 31 (emphasis added). "The determination of the amount to be paid must reflect consideration of both the ability of the parent to support the child and the standard of living that the family and the child are accustomed to and expect to maintain." *Belcher v. Belcher*, 808 S.W.2d 202, 207 (Tex.App.—El Paso 1991, no writ). The majority's narrow view of section 14.055(c) would exclude the consideration of these relevant factors, and relegate the process of ascertaining child support orders to mere mathematical calculation of adding and subtracting numbers. In the case of a professional whose monthly net income exceeds $4000, how does the majority instruct the trial courts of this state to evaluate educational and medical needs versus other needs not so obvious? For example, before the divorce, a child is enrolled in a swimming class at a local health club, will this expense constitute a need? Similarly, if the same child is eligible to participate in a fine arts class for ten months at the rate of $100 per month at an exclusive learning center, will this expense constitute a need? Regardless of the divorce, both parents have a duty to support their children. And, the child's previous lifestyle ought not to change dramatically due to his parents' divorce, where the obligor's monthly net resources exceed $4000 at no hardship to him. "The child support award should reflect the respective abilities of the parents to contribute; the duty to support is not limited to bare necessities." And, "It is within the court's prerogative to require parents to provide a standard of living and lifestyle for their children commensurate with that which they have and will continue for themselves." *Ikard v.*

*Ikard,* 819 S.W.2d 644, 650 (Tex.App.—El Paso 1991, no writ). In the case at bar the trial court had sufficient facts to warrant a $2500 per month child support order. The trial court was not asked to state which factors weighed more heavily, and thus, there is no way to know which factors weighed more heavily. And, while the language "the best interest of the child" is not contained in section 14.055(c), I specifically note that the legislature did not repeal or otherwise amend section 14.07, which provides, "The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child." Thus, the best interest of the child is of primary importance in setting child support. The guidelines are guiding rules or principles which aid the trial court in assessing child support.

Appellant contends that the "needs" were not proven. From the record, I note the following: appellee was unemployed at the time of hearing, both she and her son were undergoing psychological counseling, both she and her son experienced emotional problems. The son was to repeat a year of kindergarten. Appellee was going to relocate to another Texas city to be closer to her family and to acquire job skills in order to better support herself and son. Admittedly, she did leave her previous position with the postal service. However, she did so in part because of stress-related problems and moved to San Antonio *only* to accommodate appellant. "Moreover, we believe the intent of the Legislature in enacting Section 14.054(1) was to prevent an obligee [herein, appellee] from intentionally remaining unemployed in order to gain an increase in child support, not to prevent an obligee from seeking to improve him or herself educationally so that he or she can hold a better or a permanent job." *Belcher,* 808 S.W.2d at 208. In our case, the uncontroverted evidence showed that she intended to learn skills to support herself and son. And, there was no evidence to demonstrate that appellant would face economic hardship as result of the child support order. I agree with the rule of law

that states that the amount ordered should not be so great as to deny a parent the necessary expenses of living. *See Welch v. Welch,* 694 S.W.2d 374, 377 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Sohocki v. Sohocki,* 730 S.W.2d 30, 32 (Tex. App.—Corpus Christi 1987, no writ). There was no evidence that appellant would be denied the necessary expenses of living by complying with the child support order of $2500 per month. When applying the guidelines to the facts in this case, I believe there was ample legal and factual evidence to support the trial court's child support order and that there was no abuse of discretion.

Finally, appellant challenges the court's finding regarding child support and contends that the trial court erred in refusing to make additional findings. Appellant's point of error regarding this does not contain any argument, or any authority, in support of his claimed error. I would overrule this point of error. *See* Tex.R.App.P. 74(f). I further note that appellant requested findings of fact and conclusions of law pursuant to Tex.R.App.P. 296, in lieu of section 14.057 of the Family Code entitled "Findings in Child Support Order" which requires the court to specify its findings. Section 14.057(5) provides that a child support order must state: *"the specific reasons that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guidelines pursuant to Section 14.055, Family Code, are: _____."* (Emphasis added.) Because the trial court was not asked to make findings pursuant to section 14.057, the trial court was not required to make specific the basis on which it reached the child support order. I believe the utilization of this particular section of the Family Code serves the litigants well and provides a better guard against abuse of discretion in matters related to child support.

In sum, the majority would disallow the trial court's discretion in assessing child support unless "needs" were proven without defining the term "needs." The trial court should be afforded ample discretion

in assessing "needs" and should be reversed only upon a showing of an abuse of that discretion. To hold otherwise, would remove discretion from the trial courts in child support issues.

The necessities of judicial administration require that courts of first instance be vested with a large measure of discretion in passing upon various matters which cannot, in their nature, be effectively reviewed on the cold record transmitted to the appellate court. 5 Am. Jur.2d Appeal and Error, sec. 772, at 215. A judge is presumed to have acted within his discretion unless the record discloses the contrary. It must be a clear abuse of discretion apparent from the record. *Finn v. Finn,* 658 S.W.2d 735 (Tex. App.—Dallas 1983, writ ref'd n.r.e.). *Navistar Int'l Corp. v. Valles,* 740 S.W.2d 4, 6 (Tex.App.—El Paso 1987, no writ).

I would affirm the judgment of the trial court.