Opinion issued July 21, 2005






















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00105-CV




NANCY RUTH LISK, Appellant

V.

RICHARD HOYLE LISK, Appellee




On Appeal from the 245th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2002-36249




MEMORANDUM OPINION
            Appellant, Nancy Ruth Lisk (“Wife”), appeals from a final judgment and
decree of divorce entered by the trial court. In nine issues, appellant contends that (1)
the trial court abused its discretion in not granting Wife child support in excess of the
statutory child support guidelines despite evidence of the children’s proven needs in
excess of the child support guidelines; (2) there was no or insufficient evidence to
support a finding of fact that “neither child requires any special needs”; (3) the trial
court erred in applying an improper “special needs” standard in place of the statutory
“proven needs” standard; (4) there was no or insufficient evidence to support a
finding of fact that “at the time of divorce, Wife was working part time as a real estate
agent”; (5) the trial court abused its discretion when it failed to find adultery as a
ground for divorce; (6) the trial court abused its discretion when it failed to find any
ground for a disproportionate division of the community estate and failed to award
Wife more than 52% of the community property; (7) there was no or insufficient
evidence to support a finding of fact that awarded husband approximately 48% of the
community estate; (8) the trial court abused its discretion when it ordered Wife to
assume any loans from her family in the amount of approximately $20,000; and (9)
there was no or insufficient evidence to support a finding of fact that “Wife was
ordered to assume any loans from her family in the amount of approximately
$20,000.” We affirm.
BACKGROUND
          Wife and appellee, Richard Hoyle Lisk (“Husband”), were married in 1988 and
divorced in September 2003. They have two minor children. At the time of their
marriage, Wife, who holds an MBA degree, was working as a chemical engineer
making $60,000 per year, and Husband was working as a veterinarian making
$32,000 per year. In 1991, Husband opened Bay Glen Animal Hospital (“Bay Glen”)
and Wife worked there part time handling the business’s finances. In 1993, Wife quit
working as a chemical engineer and began working full time at Bay Glen. In 1996,
Wife and Husband formed a business partnership, Visionary Investments
(“Visionary”), with two other couples to own and manage the shopping center where
Bay Glen is now located. Wife and Husband each currently own individual shares
of the partnership, which produced approximately $2,000 a month in income for each
of them.
          In 1999, Husband began having an affair. After Wife discovered Husband’s
affair in 2001, they unsuccessfully sought counseling to save their marriage. In early
2002, Husband asked Wife for a divorce. After Husband requested the divorce, the
couple separated and Wife left her job at Bay Glen.
          Nearly a year after Husband filed for divorce, Wife filed a counter petition for
divorce. In her counter petition, Wife requested that (1) the divorce be granted on
fault grounds and (2) she be granted a disproportionate share of the community estate. 
At trial, Wife additionally requested that Husband be ordered to pay her $3,500 per
month in child support and $20,000 to repay a loan she had taken from her parents
to cover her litigation expenses. At the time of trial, Husband had a gross income of
approximately $180,000 and his monthly net resources exceeded $6,000, while Wife
was working as a real estate agent, from which she earned an income of
approximately $4,500 in 2003.


 Wife had tried to seek employment that is more
commensurate with her educational background, but her efforts had been
unsuccessful.
          At trial, Wife offered a “children’s needs list” in support of her request for
additional child support, which included expenses for items such as extracurricular
activities, entertainment, and housecleaning. Wife claimed that providing for the
children’s proven needs would cost $6,100 per month. However, at trial she gave
contradictory testimony as to whether this amount was necessary to cover the
children’s needs or whether it was necessary to maintain the lifestyle to which they
had become accustomed. After a bench trial, the trial court granted the divorce on
grounds of insupportability and awarded Wife the amount of $1,500 per month in
child support, the amount allotted by the statutory guidelines. The court also awarded
Wife 52.5% of the community estate and her individual share of Visionary. Finally,
the trial court determined that each party would take any debts for legal fees and costs
that were incurred during the divorce as their own separate debt.
Child Support
          In issues one through four, Wife contends the trial court abused its discretion
by not awarding her child support in excess of the statutory guidelines in the face of
uncontroverted evidence of her children’s proven needs. 
          In general, a trial court’s ruling on child support will not be disturbed on appeal
unless there is a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990); McGuire v. McGuire, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). The test for abuse of discretion is whether the trial court acted
arbitrarily or unreasonably, and without reference to any guiding rules or principles. 
Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ
denied). In making this determination, the reviewing court must view the evidence
in the light most favorable to the actions of the trial court and indulge every legal
presumption in favor of the judgment. Id. An abuse of discretion does not exist as
long as there is some evidence of a substantive and probative character to support the
decision. Id. Additionally, under an abuse-of-discretion standard, legal and factual
insufficiency are not independent, reversible grounds of error; rather, they are
relevant factors in assessing whether the trial court abused its discretion. Beaumont
Bank v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Mai v. Mai, 853 S.W.2d 615, 618
(Tex. App.—Houston [1st Dist.] 1993, no writ).
          The Texas Family Code (“the Code”) provides a bifurcated analysis in setting
child support depending on whether an obligor has net monthly resources above or
below $6,000. Tex. Fam. Code Ann. §§ 154.125, 154.126 (Vernon 2003);
Nordstrom v. Nordstrom, 965 S.W.2d 575, 578-79 (Tex. App.—Houston [1st Dist.]
1997, pet. denied). In determining support obligations of a person, such as Husband,
who has more than $6,000 in net monthly resources, the trial court must first
presumptively apply the statutory percentage guidelines to the first $6,000 in monthly
net resources,


 and it can only divert away from those guidelines based on its
determination of the existence of the factors listed in section 154.123(b). Tex. Fam.
Code Ann. § 154.123. Once the trial court has determined whether to apply the
statutory guidelines to the first $6,000, it may then decide whether to order any
additional child support based only on the proven needs of the children and income
of the parties. Tex. Fam. Code Ann. § 154.126. While what constitutes “needs” of
the child has not been clearly defined by case law or by statute, the needs of the child
are neither limited to the “bare necessities” of life, nor can they be based on the
children’s need to maintain a lifestyle. See Rodriguez v. Rodriguez, 860 S.W.2d 414,
417 n. 3. (Tex. 1993). Finally, if the court determines that the proven needs of the
child exceed the presumptive award provided by the statutory guidelines, the court
must then allocate the responsibility to meet the additional needs between the parties
depending on the circumstances of the parents. Tex. Fam. Code Ann. § 154.126 (b).
          Wife contends she clearly and unequivocally testified and offered evidence that
the amount of the reasonable needs of the children was $6,100 per month and,
because the evidence was uncontested by Husband, Wife argues that she established
the proven needs of her children as a matter of law. Husband contends that the
children’s needs were not proven as a matter of law because Wife’s testimony was
contested both during cross-examination of Wife and direct testimony of Husband. 
Wife provided contradictory testimony on her children’s needs. During her cross-examination, Wife admitted that the $6,100 figure that she had developed in her
“proven needs list” was necessary to maintain the children’s “lifestyle.” However,
Wife later recanted her statement and asserted that the $6,000 was necessary for the
reasonable needs of the children. Because of these contradictory statements, it was
reasonable for the trial court to conclude that Wife’s evidence of her children’s
proven needs was not uncontroverted. Additionally, Husband testified that the
household expenses had never been as high as Wife claimed.
          The trial court, as the trier of fact, is the sole judge of the credibility of the
witnesses and the weight to be given their testimony, and, therefore, the trial court
was free to believe or disbelieve Wife’s testimony. Hatteburg v. Hatteburg, 933
S.W.2d 522, 530 (Tex. App.—Houston [1st Dist.] 1994, no writ). Additionally,
testimony from an interested witness, such as Wife, when not corroborated, does not
conclusively establish a fact even when the testimony is uncontradicted. Robles v.
Robles, 965 S.W.2d 605, 616 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). 
The trial court could have chosen to believe Husband’s testimony instead of Wife’s.
          The Code grants the trial court the discretion to award additional amounts of
child support, and it only mandates that the trial court consider the needs of the
children and the income of the parents in arriving at their decision of whether to
award additional child support. Tex. Fam. Code Ann. § 154.126. The Code does not
mandate that the trial court order additional child support even if it determines the
two conditions listed in the statute warrant such an award. Id. Therefore, even if
Wife conclusively proved the needs of the children, it was within the trial court’s
discretion to refuse to award additional child support. Id.; Nordstrom, 965 S.W.2d
at 581. Given the discretion allocated to the trial court and the contradictory evidence
of the children’s proven needs, the trial court’s decision to not award excess child
support was not arbitrary or unreasonable. We hold the trial court did not abuse its
discretion by refusing to award Wife additional child support. Accordingly, we
overrule Wife’s first issue. 
          In issue two, Wife contends that there was no or insufficient evidence to
support finding of fact four, which states, “Both minor children are in good health and
neither child requires any special needs.” An appellant’s brief must contain a clear
and concise argument for the contentions made with appropriate citations to
authorities and the record. Tex. R. App. P. 38.1(h). Rule 38 requires Wife to provide
us with such discussion of the facts and the authorities relied upon as may be requisite
to maintain the point at issue. Tesoro Petroleum Corp. v. Nabors Drilling USA Inc.,
106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); see also
Franklin v. Enserch, Inc., 961 S.W.2d 704, 711 (Tex. App.—Amarillo 1998, no pet.). 
Wife’s second issue raises the argument that the evidence was insufficient to support
finding of fact four, however she points to no facts overlooked by the trial court and
she asserts no legal basis for her argument other than listing activities that Texas
courts have deemed “proven needs” in the past. Wife waived her second issue. See
Tesoro, 106 S.W.3d at 128.
          In issue three, Wife contends that the trial court used an improper standard in
determining the proven needs of the children. Wife argues that the trial court erred
in looking at the special needs of the children, instead of the proven needs of the
children to determine whether to award additional child support in excess of the
statutory guidelines. See Tex. Fam. Code Ann. § 154.126. 
          Because we must indulge every legal presumption in favor of the judgment, we
presume finding of fact four relates to the analysis under section 154.123(b) and does
not indicate that the trial court used an improper standard in making its decision to
deny excess child support under section 154.126. Holley, 864 S.W.2d at 706. While
the trial court would need to look at the proven needs of the children under a section
154.126 analysis to determine if additional child support in excess of the statutory
guidelines is appropriate, finding of fact four does not relate to the section 154.126
analysis to determine whether child support in excess of the statutory guidelines is
warranted. Rather, it is a finding of fact in support of the trial court’s decision under
the section 154.123(b) analysis to not deviate from the statutory guidelines.


 See
Tex. Fam. Code Ann. § 154.123(b). We overrule Wife’s third issue.
          In issue four, Wife argues that there is no or insufficient evidence to support
the trial court’s finding of fact that, at the time of divorce, Wife was working part
time as a real estate agent. Under an abuse-of-discretion standard, legal and factual
insufficiency are not independent, reversible grounds of error; rather, they are
relevant factors in assessing whether the trial court abused its discretion. Mai, 853
S.W.2d at 618. Wife testified that she started working in real estate in January 2003
and waited until the summer to send out resumes because she had to give her full
attention to real estate. Wife argues that this testimony clearly establishes that she
was working full time as a realtor.
          The trial court had the discretion to disbelieve Wife’s testimony that she had
been working full time. See e.g, Nordstrom, 965 S.W.2d at 580-81; see also
Hatteburg, 933 S.W.2d at 530. The trial court’s decision is further augmented by the
evidence that Wife only earned $4,500 during nine months of work. The trier of fact
could have reasonably inferred that Wife could only have earned that income by
working part time. We hold there was sufficient evidence to support finding of fact
14, and that the trial court’s ruling on this issue was neither arbitrary nor
unreasonable. We overrule Wife’s fourth issue.
Division of Property
          In issues five through seven, Wife contends the trial court abused its discretion
by not granting the divorce on fault grounds and by not awarding her a more
disproportionate share of the marital estate. Section 7.001 of the Code states, “In a
decree of divorce . . . the court shall order a division of the estate of the parties in a
manner that the court deems is just and right.” Tex. Fam. Code Ann. § 7.001. The
trial court has wide discretion in making a just and right division of the community
estate, and that division should not be corrected on appeal unless a clear abuse of
discretion is shown. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); Alsenz v.
Alsenz, 101 S.W.3d 648, 654 (Tex. App.—Houston [1st Dist.] 2003, pet. denied);
Rafferty v. Finstad, 903 S.W.2d 374, 377 (Tex. App.—Houston [1st Dist.] 1995, writ
denied). The test for whether the trial court abused its discretion is whether the trial
court acted arbitrarily or unreasonably, without reference to any guiding rules or
principles. Holley, 864 S.W.2d at 706.
          In dividing the marital estate under section 7.001 of the Code, the trial court
may consider a myriad of factors. Murff, 615 S.W.2d at 699; e.g. Bell v. Bell, 513
S.W.2d 20, 22 (Tex. 1974). Those factors include (1) the spouses’ capacities and
abilities; (2) benefits which the party not at fault would have derived from
continuation of the marriage; (3) business opportunities; (4) education; (5) relative
physical conditions; (6) relative financial conditions and obligations; (7) disparity of
income or earning capacity; (8) size of the respective estates and the nature of the
property; (9) custody of the children; (10) excessive community property gifts to
others or waste of community assets; and (11) tax consequences. See Murff, 615
S.W.2d at 699. 
          In issue five, Wife contends that, because of the uncontested evidence of
Husband’s affair, the trial court abused its discretion by not granting her a divorce
based on adultery. When looking at a final judgment under an abuse-of-discretion
standard, the trial court will not be found to have abused its discretion where there is
some evidence of a probative nature to support the judgment. Zieba v. Martin, 928
S.W.2d 782, 787 (Tex. App.—Houston [14th Dist.] 1996, no writ). Here, the trial
court granted the divorce on the grounds of insupportability, not adultery. Section
6.001 states, “[T]he court may grant a divorce without regard to fault if the marriage
has become insupportable because of discord or conflict of personalities that destroys
the legitimate ends of the marital relationship and prevents any reasonable
expectation of reconciliation.” Tex. Fam. Code Ann. § 6.001. The record contained
sufficient evidence of intense conflict between Wife and Husband to support the trial
court’s finding of insupportability.


 Additionally, both parties pleaded
insupportability as grounds for divorce when this case was filed. Based on the record
as a whole, there is some evidence of a probative nature to support the trial court’s
decision to grant the divorce on grounds of insupportability.
          Despite the evidence supporting insupportability, Wife argues that, because
Husband admitted to having an affair, the trial court abused its discretion by failing
to grant her a divorce on grounds of adultery. See Tex. Fam. Code Ann. § 6.003. 
However, Husband’s admission to an affair does not mean the trial court was required
to grant Wife the divorce on the grounds of adultery, although it would have been
within its discretion to do so. See Clay v. Clay, 550 S.W.2d 730, 732-33 (Tex. Civ.
App.—Houston [1st Dist.] 1977, no writ) (holding trial court was not required to
grant fault-based divorce even though jury determined wife was subjected to cruel
and unusual treatment). Because the trial court had sufficient evidence to grant the
divorce on insupportability grounds, and because the trial court was not required to
grant Wife a divorce based on adultery, we hold the trial court did not abuse its
discretion by not granting a fault-based divorce. Accordingly, we overrule Wife’s
fifth issue.
          In issues six and seven, Wife contends that the trial court abused its discretion
by not granting her a more disproportionate share of the community estate. Wife
argues that she should have been granted a greater share because of (1) the amount
of time and effort she invested into Husband’s business and the resulting disparity in
the income and earning power between the two parties and (2) the fact that Husband
had an affair. The trial court did not abuse its discretion as long as there is some
evidence of a probative nature to support the judgment. Martin, 928 S.W.2d at 787. 
          Husband’s affair was uncontested and from the record it appears the trial court
gave this factor due consideration in determining a just and right property settlement. 
The trial court also considered the disparity in income and earning power between the
two parties. However, the trial court was not obligated to award Wife a more
disproportionate share of the estate on account of Husband having an affair and a
larger income than Wife. See Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987)
(holding trial court not required to divide the estate disproportionately in the wife’s
behalf just because husband committed adultery and made more money than wife). 
It is not an abuse of discretion for a trial court to make an equal division of the
property, even where the equities balance in favor of the wife. See Rafferty v.
Finstad, 903 S.W.2d 374, 377 (Tex. App.—Houston [1st Dist.] 1995, writ denied). 
Fault and disparity in the parties’ incomes are “only two of the many factors a trial
court should consider when dividing a marital estate. Stafford, 726 S.W.2d at 16; see
Murff, 615 S.W.2d at 699. Here, the trial court looked beyond these two factors and
also considered the amount of income Wife would receive from her share of
Visionary, the earning capacity she enjoyed from her advanced degrees, her good
health, Husband’s assumption of the community’s tax liability, and the age and health
of the children when making what it considered to be a just and right division of the
marital estate. Because of the broad amount of discretion afforded the trial court in
this area and the sufficient evidence in the record to support the trial court’s division
of the marital estate, we hold that the trial court did not abuse its discretion. 
Accordingly, we overrule Wife’s sixth and seventh issues.
Wife’s Debt 
          In issue eight, Wife contends the trial court abused its discretion by ordering
her to repay the $20,000 loan she took from her parents to cover litigation expenses. 
We review a trial court’s decision on whether to award attorney fees under an abuse-of-discretion standard. Samara v. Samara, 52 S.W.3d 455, 458 (Tex.
App.—Houston.[1st Dist.] 2001, pet. denied); Hunt v. Baldwin, 68 S.W.3d 117, 135
n.8 (Tex. App.—Houston [14th Dist.] 2001, no pet.). In issue nine, Wife contends
the evidence was insufficient to support finding of fact 23, which states, “Wife was
ordered to assume any loans from her family in the amount of approximately
$20,000.00.” Because, under an abuse of discretion standard, legal and factual
insufficiency are not independent, reversible grounds of error, but rather are relevant
factors in assessing whether the trial court abused its discretion, we treat these issues
together. Mai, 853 S.W.2d at 618.
          The allocation of attorney’s fees is but one factor to be considered by the court
in dividing the marital estate in a just and right manner. See Tex. Fam. Code Ann. §
7.001; Eikenhorst v. Eikenhorst, 746 S.W.2d 882, 890 (Tex. App.—Houston [1st
Dist.] 1998, no pet.); Morgan v. Morgan, 657 S.W.2d 484, 492 (Tex. App.—Houston
[1st Dist.] 1983, writ dism’d). The allocation of financial obligations is another factor
to be considered by the court. Murff, 615 S.W.2d at 699. 
          Wife contends that the trial court abused its discretion by ordering her to pay
litigation expenses out of her separate resources while it allowed Husband to pay his
litigation expenses out of the community estate. However, the record indicates that
Husband, like Wife, also took out a personal loan to cover his litigation expenses,
which was not repaid with community funds. The record contains some evidence that
both Wife and Husband used community funds to cover portions of their litigation
expenses. Wife’s financial information sheet indicates that she spent approximately
$40,000 in legal expenses during the year leading up to the trial. During this time,
Wife’s only income came from Husband (whose income was considered part of the
community), her share of Visionary (part of the community estate), and her parents’
$20,000 loan. It was reasonable for the trial court to infer that Wife, like Husband,
had used community funds to pay her litigation expenses because she only had
$20,000 in non-community funds during this time. We should not substitute our
judgment for that of the trial court merely because we might reach a different
conclusion based on the facts. See Vongontard v. Tippit, 137 S.W.3d 109, 113 (Tex.
App.—Houston [1st Dist.] 2004, no pet.).
          Attorney’s fees and debt allocation are but two factors for the court to consider
in dividing a marital estate in a just and right manner. Morgan, 657 S.W.2d at 492;
Murff, 615 S.W.2d at 699. Even if Husband had not taken out a personal loan, and
even if Wife had not used community funds to pay her litigation expenses, the trial
court still had the discretion to order Wife to assume her debt based on the other
factors surrounding the division of the estate. Id. The trial court granted Wife a
disproportionate share (52.5%) of the estate, a one-half share in the couple’s stake in
Visionary, $1500 per month in child support, and Husband was ordered to assume
$45,000 in unpaid community tax liability. Given all of these factors, there was
sufficient evidence to support finding of fact 23 and it was reasonable for the trial
court to order both parties to assume their own personal debts created by the expenses
of this litigation. See Holley, 864 S.W.2d at 706. Within the context of the total
division of the estate, the trial court did not abuse its discretion by ordering Wife to
assume the debt for her litigation expenses. Accordingly, we overrule Wife’s eighth
and ninth issues. 
 
CONCLUSION
We affirm the judgment of the trial court.
 
 
 
 
                                                             Sherry Radack
                                                             Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Hanks.