# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00148-CV

**Matthew Lee, Appellant**

**v.**

**Angela Lee Kaufman, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-FM-09-003978, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Appellant Matthew Lee filed a motion to enforce the child support provisions of a Tennessee divorce decree, seeking a money judgment for the alleged arrearage. The trial court denied Lee's enforcement motion and subsequent motion for new trial. On appeal, Lee presents eight issues in which he complains that (1) the evidence supporting the trial court's judgment is against the great weight and preponderance of the evidence; (2) the judgment is not in the best interests of the children; (3) the judgment is based on an incorrect determination that the motion was stale; and (4) the trial court erred in failing to award him reasonable attorney's fees. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

Matthew Lee and Angela Kaufman divorced in Tennessee in 1999, and both moved to Austin in 2004. The divorce decree required Kaufman to pay Lee $50 per week in child support as well as reimburse him for half of the children's uncovered medical expenses. In 2007 Kaufman began making $200 per month payments through her bank. Prior to that time, the parties did not engage in a formal payment system; rather, Lee simply requested money from Kaufman on an as-needed basis. They did not keep formal records of the requests or payments.

In July 2009, Kaufman filed in Travis County a petition to modify the divorce decree. Lee responded and filed a counter-motion to modify, as well as a motion to enforce the child support provisions of the decree, seeking $19,800 plus interest in arrearage. The parties entered into a written agreement vis-à-vis the modification of the decree, leaving only Lee's enforcement motion pending.

The trial court heard the enforcement motion in a bench trial. According to Lee, his requests for child support and medical expenses during the years 1999 to 2007 were by and large ignored by Kaufman, resulting in a significant arrearage. Kaufman countered that she always paid what was asked of her, and that the sum of her payments was actually more than the total amount required under the divorce decree for the time period in question.

After the hearing, the trial court signed an order denying Lee's motion. The trial court subsequently entered findings of facts and conclusions of law and denied Lee's motion for new trial.

2

**DISCUSSION**

In his first, second, and fourth issues, Lee contends that the trial court's denial of his motion for enforcement is against the great weight and preponderance of the evidence and is manifestly unjust. A trial court's order concerning child support arrearage—like most appealable issues in family law—is reviewed under an abuse-of-discretion standard. *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). Under that standard, legal and factual sufficiency are not independent grounds for reversal, but are instead relevant factors in assessing whether the trial court abused its discretion. *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex. App.—Houston [1st Dist.] 1993, no writ). Thus, to determine whether the trial court abused its discretion because the evidence is factually insufficient to support its decision, we engage in a two-pronged inquiry considering (1) whether the trial court had factually sufficient evidence upon which to exercise its discretion, and (2) whether it erred in its application of that discretion. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied); *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied). Under the first prong, we apply the traditional factual sufficiency standard and then, under the second prong, proceed to determine whether the trial court's excercise of its discretion was arbitrary or unreasonable. *Zeifman*, 212 S.W.3d at 587.

In reviewing the factual sufficiency of the trial court's order, we weigh and consider all of the evidence in the record. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). A court of appeals must not merely substitute its judgment for that of the trier of fact. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Because the trial court issued findings

of fact, we treat the court's findings with the same force and dignity as a jury's verdict on jury questions. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex. 1991); *Black v. City of Killeen,* 78 S.W.3d 686, 691 (Tex. App.—Austin 2002, pet. denied). When a party challenges the factual sufficiency of an adverse finding (or failure to find) on an issue on which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242. Moreover, unchallenged findings are binding on the appellate court unless the contrary is established as a matter of law. *See McGalliard v. Kuhlman*, 722 S.W.2d 694, 696-97 (Tex. 1986). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and may believe one witness, disbelieve others, and resolve inconsistencies in any witness's testimony. *Id.*

Lee focuses on two provisions of the family code. Section 157.263 provides: "If a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative money judgment." Tex. Fam. Code Ann. § 157.263(a) (West 2008). Section 157.008 states:

> An obligor may plead as an affirmative defense in whole or in part to a motion for enforcement of child support that the obligee voluntarily relinquished to the obligor actual possession and control of a child. The voluntary relinquishment must have been for a time period in excess of any court-ordered periods of possession of and access to the child and actual support must have been supplied by the obligor.

*Id*. § 157.008(a)-(b) (West 2008). Lee acknowledges that section 157.263 of the family code imposes on him the burden of proving the existence of the child support obligation. *Id*. § 157.263(a). Once this burden was met, Lee argues, the court had a mandatory duty to confirm the amount of

4

arrearage and render a money judgment, subject to any offset for actual support paid, which must be proven by Kaufman under section 157.008. *Id*. § 157.008(a)-(b). Lee contends that he clearly met his burden of proving the existence of a child support obligation, whereas Kaufman presented no evidence in support of her affirmative defense of actual support paid.

Kaufman counters that the trial court correctly determined that a court's duty to confirm the arrearage under section 157.263 arises only after the movant has first met his burden of proving the existence not just of a child support *obligation* but of an *arrearage*—i.e., the difference between the amount due under the child support obligation and the amount actually paid. And given the conflicting nature of the testimony, Kaufman contends that the court did not abuse its discretion in ruling that Lee failed to carry this burden. We agree.

A trial court's duty to confirm the arrearage under section 157.263(a) arises only if the movant has met his burden of proving the amount of arrearage. *See Curtis v. Curtis*, 11 S.W.3d 466, 472 (Tex. App.—Tyler 2000, no pet.) ("Under these statutory provisions, [the movant] had the burden of establishing the arrearage, i.e., the difference between the payments made by [respondent] and the payments required under the divorce decree."); *Buzbee v. Buzbee*, 870 S.W.2d 335, 339 (Tex. App.—Waco 1994, no writ) ("[T]he plaintiff in the action has the burden of proving the dollar amount of the difference between payments made and the payments required by the terms of a child-support order."). Because Lee bore the burden of proof at trial, he must demonstrate on appeal that the trial court's ruling that he failed to carry this burden is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242.

5

Lee's evidence at trial consisted almost entirely of his own testimony, in which he claimed Kaufman failed to comply with his requests for child support. However, the trial court issued an unchallenged finding of fact that called Lee's credibility into question. Because Kaufman testified that Lee was lying, this finding is supported by some evidence and thus, is binding. *McGalliard*, 722 S.W.2d at 696-97.

In addition to the above-described problems, Lee's testimony was directly controverted by Kaufman's testimony that she always paid whatever amount Lee requested and that the sum of her payments was actually more than the total amount required under the divorce decree. This testimony was corroborated by Lee's ex-wife Dr. Brenna Gerdelman. Moreover, Kaufman's testimony is supported by the fact that, despite considerable email communications over the years between Lee and Kaufman, Lee provided no written evidence that even hints of a child support dispute. Finally, Kaufman's testimony is supported by the fact that Lee never sought to enforce the divorce decree during the actual periods of alleged non-payment.

Given this record, the trial court's failure to find that Kaufman did not meet her child support obligation is not against the great weight and preponderance of the evidence. And because this particular finding is determinative, the trial court was well within its discretion in ruling that Lee failed to carry his burden of proving the existence of an arrearage. We overrule Lee's first, second, and fourth appellate issues.

In issues three and five, Lee contends that the trial court erred in rendering judgment denying his enforcement motion because the judgment is not in the best interests of the children. Lee's brief fails to support this conclusion with arguments, legal authority, or citations to the record.

6

Our appellate rules have specific requirements for briefing that require appellants to cite and apply law that is applicable to the complaint being made, along with appropriate references to the record. Tex. R. App. P. 38.1(i). By failing to comply with Rule 38, Lee has waived these points of error. *See Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied) ("We find no argument, authority, or discussion regarding the motion for new trial. Consequently, this point is waived."); *Harris County Mun. Util. Dist. No. 48 v. Mitchell*, 915 S.W.2d 859, 866 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("Although appellate courts generally construe the briefing rules liberally, points of error unsupported by the citation of authority present nothing for the court to review.").

Even if Lee had properly briefed these issues, however, the result would be the same. Considerations of a child's best interests are relevant in determining the child support obligation itself, not in subsequent determinations of whether the obligation has been satisfied. *Compare* Tex. Fam. Code Ann. § 154.122 (West 2008) (order of child support conforming to child support guidelines is presumed to be in best interests of child) *and* Tex. Fam. Code Ann. § 154.123 (West 2008) (court can deviate from child support guidelines only if guidelines are shown to be not in best interests of child) *with* Tex. Fam. Code Ann. §§ 157.001-.426 (West 2008) (no mention of best interests of child). We overrule Lee's third and fifth appellate issues.

In issue eight, Lee contends that the trial court indicated a belief that the motion for enforcement was stale, and that this belief is, at least in part, the basis for the court's judgment. However, a trial court's indications of belief—like all comments made at the conclusion of a bench trial—cannot function as a substitute for findings of facts or conclusions of law. *In re W.E.R.*,

7

669 S.W.2d 716, 717 (Tex. 1984). As a result, we are not permitted to consider such free-floating comments. *Id.*; *see also Nesmith v. Berger*, 64 S.W.3d 110, 119 (Tex. App.—Austin 2001, pet. denied). Because these comments did not make their way into something we *can* consider—i.e., the judgment or findings of facts and conclusions of law—we overrule Lee's eighth appellate issue.

In issues six and seven, Lee contends that the trial court erred in failing to award him attorney's fees. Under the family code, a movant is entitled to recover reasonable attorney's fees only if "the court finds that the respondent has failed to make child support payments." Tex. Fam. Code Ann. § 157.167(a) (West 2008). Because we have overruled Lee's substantive arguments regarding the arrearage, we overrule Lee's sixth and seventh appellate issues.

## CONCLUSION

The trial court did not abuse its discretion in ruling that Lee failed to meet his burden of proving the amount of child support arrearage and, therefore, denying his enforcement motion. We affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: August 26, 2011

8