

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00031-CV
_____

IN THE MATTER OF THE MARRIAGE OF JO ANN ONEY AND JOHNNY RAY ONEY

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 11-0828

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

As part of the divorce of Johnny Ray Oney and Jo Ann Oney, ending a twenty-two-year marriage, the trial court divided their property, in part by partitioning a 35.18-acre tract, awarding Jo Ann the portion containing both what was the marital residence and also a mobile home occupied by Jo Ann's parents. Johnny asserts on appeal that such division was not just and right but, instead, allocated to Jo Ann a disproportionate part of the property.

Much of the property valuation and disposition was agreed to before trial. The core issue at the trial concerned the real property and the residence. There was testimony elicited from Jo Ann about an "equity" interest of about $40,000.00 she would owe Johnny if all of the 35.18 acres was awarded to her. Johnny testified at one point that it might be appropriate to sell the property and divide the proceeds. The principal evidence about the value of the residence and land is based on the assessed value for tax purposes of $176,861.00.

The trial court used neither allocation method suggested by the parties. Instead, it ordered the property partitioned as mentioned above.[1] Because the record does not reveal that there was an abuse of discretion in the property division, we affirm the trial court's judgment.

The trial court has wide discretion in dividing the estate of the parties, and we disturb the trial court's division only when an abuse of discretion has been shown. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). Under this abuse-of-discretion standard, the sufficiency of the evidence does not provide the core of any point of error, but the legal and factual sufficiency of the evidence is relevant in assessing whether the trial court abused its discretion. *In re Marriage*

---

[1] The record contains nothing to indicate the shape of the property or the location of the two residences on the property.

*of Jeffries*, 144 S.W.3d 636, 641 (Tex. App.—Texarkana 2004, no pet.); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex. App.—Houston [1st Dist.] 1993, no writ). To constitute an abuse of discretion in the property division, the allocation of the property must be manifestly unfair. *See Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980).

Although a trial court's discretion in dividing property is not without limit, an appellate presumption arises that the trial court properly exercised its discretion, shifting the burden to the appellant to show from the record that the division was so disproportionate, and thus so unjust and unfair, as to constitute an abuse of discretion. *In re Marriage of Morris*, 123 S.W.3d 864, 868 (Tex. App.—Texarkana 2003, no pet.).

There is no complaint in this record that the property was improperly classified as community or separate, only that the division of the property is disproportionate. Jo Ann agreed in her testimony that she would owe Johnny $40,000.00 in equity if she were awarded all of the land, and she testified without contradiction that the total value of the estate of the parties was between $240,000.00 and $250,000.00 after debt. Johnny argues that, because the trial court did not account for the $40,000.00 in its division, Jo Ann received a disproportionate share.[2]

A few points of evidence stand out. An appraisal, which appears to have been reviewed by the trial court but not introduced into evidence, indicated that the value of the land alone was $100,000.00 and that adding the residence brought the combined value to $176,861.00.[3] Based on Jo Ann's testimony of the value of the marital estate, net of debt, to provide an equal split of

---

[2]There are no findings of fact or conclusions of law.

[3]There were no liens on the land or house.

the net holdings, each would be awarded property worth approximately $120,000.00 to $125,000.00.

In her testimony, Jo Ann asked for all the real estate, offering to give up any rights she had to Johnny's retirement, acknowledging the value of a number of items they had already agreed on, and then offering to pay him an additional $40,000.00 to thus leave each of them with roughly $120,000.00 to 125,000.00. In his testimony, Johnny also asked for all the real estate, agreeing to pay all of the debt against them both and to make an additional cash payment to Jo Ann to balance the shares.

The trial court's division follows neither suggestion. The trial court awarded Johnny one-half of the land, valued at $50,000.00; his retirement, valued between $50,000.00 and $53,000.00; and various individually listed items, including $500.00 for reimbursement for one-half the cost of a gun safe left in the house, four vehicles, a large trailer, a Harley-Davidson motorcycle, a camper, four head of cattle, tools, and equipment.

While the testimony is not completely clear, it appears that the value of the property awarded to Jo Ann and Johnny was relatively balanced, and the debts were essentially split. Therefore, there is no showing that the division was "so disproportionate, and thus unjust and unfair, as to constitute an abuse," as is required to obtain a reversal. *See Morris*, 123 S.W.3d at 867. We cannot conclude from the record before us that the trial court abused its discretion in its division of the estate.

4

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 13, 2012
Date Decided:      August 14, 2012